IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EMMETT W. CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10CV223 |
| | ) |
| CHRISTY DEATON; RACHEL EMERSON; DEBBIE BATCHELOR (RBC MANAGERS); RBC BANK USA (RBC); JOHN DOES; JUAN DOES (being fictitious unknown members of Black & Mexican drug gangs working for corrupt Durham County police and sheriffs, etal...); and U.S. POSTAL SERVICE, | ) |
| | ) |
| Defendant(s). | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

In conjunction with the complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding

under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal - - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy*, 376 F.3d at 256-57 (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." *Nasim*, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*[1] Also, the Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim*, 64 F.3d at 954 (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); *Pierson v. Ray*, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). *Cf. Allen v. Burke*, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *petitions for cert. filed* (Jan. 22, 2010) (No. 09-889; No. 09-8739).

theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the complaint of Emmett Caldwell should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous. Plaintiff appears to complain about security failures by RBC Bank with regard to debit cards. His complaint is a rambling and disjointed document that states no federal cause of action, although he cites constitutional provisions. He alleges widespread conspiracies with providing any factual basis for his assertions. A reading of the 18-page single-spaced complaint demonstrates that it is precisely the kind of delusional and fanciful pleading that should be dismissed as frivolous.

Accordingly, **IT IS ORDERED** that *in forma pauperis* status is granted solely for the purpose of entry of this order. **IT IS RECOMMENDED** that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: April 7, 2010